## SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Civil Action No. __22CV00186RS__ | Superior Court ☒  Magistrate Court ☐ |
| | State Court ☐  Probate Court ☐ |
| Date Filed __06/02/22 04:26 PM__ | Juvenile Court ☐ |
| | Georgia, ____LEE____ COUNTY |

Attorney's Address  **Lane, Je'Nita**
**The J. Lane Law Group, P.C.**
**P.O. Box 550244**
**Atlanta, GEORGIA 30355-**

WILLIAMS, BRENDA

Plaintiff

VS.

Name and Address of Party to be Served.
**WAL-MART INC.**

WAL-MART INC.

**2825 LEDO ROAD**

Defendant

**ALBANY, GEORGIA 31707**

Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant_____by leaving a
☐ copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of
defendant.

**CORPORATION**
☒ Served the defendant ___Walmart___ a corporation
by leaving a copy of the within action and summons with ___Michelle Mitchell___
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This __3__ day of __June_____, 20 __22__

Deputy

R-40-9

EXHIBIT A

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
LEE COUNTY, GEORGIA

**22CV00186RS**
R. RUCKER SMITH
JUN 02, 2022 04:26 PM

Sara Clark
Sara Clark, Clerk
Lee County, Georgia

**IN THE SUPERIOR COURT OF LEE COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| BRENDA WILLIAMS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.:** |
| | ) | |
| WAL-MART INC., | ) | |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

### COMPLAINT FOR DAMAGES

COMES NOW Brenda Williams (herein, "Ms. Williams"), Plaintiff in the above-styled action, and files this, her Complaint for Damages against the Defendant, Wal-Mart, Inc.. (herein, " Wal-Mart") and shows the Court the following in support thereof:

### VENUE AND JURISDICTION

1.

Defendant Wal-Mart is located at 2825 Ledo Road, Lee County, Albany, Georgia 31707, Service can be perfected on Defendant(s) at the office of their registered agent The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County Georgia 30040-2794. Wal-Mart Super Center Store Number 588 is the operating entity of Wal-Mart Inc. at all times relevant to this Complaint and may be served with Summons and Complaint at the aforementioned address.

2.

Defendant at all time relevant to this litigation operated a Wal-Mart Supercenter store in Lee County, Georgia at 2825 Ledo Road, Lee County, Albany, Georgia 31707. The incident giving rise to this complaint occurred at that location.

3.

Defendant has received proper service of process in this civil action.

4.

Ms. Williams is a resident of Terrell County, Georgia, and submits to the jurisdiction and venue of this honorable Court by virtue of filing this Complaint for damages.

**EXHIBIT A**

## ALLEGATIONS OF FACT

5.

Ms. Williams realleges and incorporates the allegations contained in Paragraph 1 through 4 of this Complaint for Damages as if set forth fully herein.

6.

On or about April 3, 2020, Plaintiff Brenda Williams (herein "Ms. Williams") was a patron at Wal-Mart Supercenter Store #588. Ms. Williams was entering the location to shop when she slipped and fell on a liquid substance on the floor.

7.

At that time and place, Wal-Mart Supercenter Store #588 was owned and controlled by Wal-Mart Inc..

8.

Ms. Williams suffered serious injuries as a result of the incident.

## COUNT I
## NEGLIGENCE

9.

Ms. Williams realleges and incorporates the allegations contained in Paragraph 1 through 8 of this Complaint for Damages as if set forth fully herein.

10.

Defendant(s) owed Ms. Williams a duty of reasonable and ordinary care in keeping the premises safe.

11.

Defendant(s) breached said duty of care by allowing an unknown liquid substance to accumulate and remain on the floor near the entrance of the store where customers walked.

12.

Defendant(s) breach of duty was the cause-in-fact and concurrent and proximate cause of Ms. Williams' injuries.

## COUNT II
## COMPENSATORY DAMAGES

13.

Ms. Williams realleges and incorporates the allegations contained in Paragraph 1 through 12 of this Complaint for Damages as if set forth herein.

14.

Ms. Williams has incurred **$39,790.45** in reasonable and necessary medical expenses as a direct and proximate result of Defendants' negligence.

15.

As a further result of her injuries, Ms. Williams has endured general damages in the form of physical pain and suffering.

16.

Ms. Williams is entitled to recover from Defendant the amount of her special damages, and an amount which, in the enlightened conscience of a fair and impartial trier of fact, would compensate her for her injuries, her pain and suffering, and her diminished enjoyment of life, and mental injuries.

17.

Ms. Williams is entitled to recover for the injuries, pain and suffering sustained, and all other elements of damages allowed under Georgia law, including, but not limited to, all compensatory, general, special, incidental, consequential, and all other damages permitted.

## COUNT III
## PUNITIVE DAMAGES

18.

Ms. Williams re-alleges and incorporates the allegations contained in Paragraph 1 through 17 of this Complaint for Damages as if set forth fully herein.

19.

By engaging in the above-described conduct, Defendant(s) engaged in willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and the conduct of Defendant is so aggravating as to warrant,

justify, and demand the imposition of punitive damages pursuant to O.C.G.A.§ 51-15-5.1 to penalize and punish the Defendant for their misconduct and to deter Defendant from engaging in such conduct in the future.

**Wherefore**, Ms. Williams prays for the following relief:

      a.  That summons issue in terms of law;

      b.  That she recovers for damages caused by the Defendant;

      c.  That she recovers damages for her physical and mental pain and suffering in an amount to be determined by the enlighten conscience of a fair and impartial trier of fact;

      d.  That she recover damages sufficient to compensate her fully, fairly, and completely for all of her losses compensable under Georgia law;

      e.  That she has and recover punitive damages in amount sufficient to penalize, punish, and deter Defendant from like conduct in the future;

      f.  That all costs be cast against Defendant(s); and

      g.  For such other and further relief as the Court shall deem just and proper.

This 2nd day of June 2022.

/s/ Je'Nita N. Lane
JE'NITA N. LANE
Attorney for the Plaintiff
Georgia State Bar No.: 865134

J. LANE LAW GROUP, P.C.
P.O. BOX 550244
ATLANTA, GA 30355
(404)445-8283 office
(888)694-6777 facsimile
jlanelaw@gmail.com

DocuSign Envelope ID: 7CC54608-161E-4BF9-8A0C-CA7EFEE86F8F

**EXHIBIT A**

## IN THE SUPERIOR COURT OF LEE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| BRENDA WILLIAMS, )<br>Plaintiff, ) | |
| ) | |
| v.  ) | **CIVIL ACTION NO.:** |
| ) | |
| WAL-MART INC., ) | |
| ) | |
| Defendant(s). ) | |
| _____ ) | |

### VERIFICATION

I, BRENDA WILLIAMS, of lawful age, being first duly sworn upon oath deposes and states that he is the Plaintiff above named, that he has read the foregoing Complaint for Damages and understands the same, and the allegations and statements therein set forth are true and correct.

DocuSigned by:

*Brenda Williams*

AABC020FF7D44E3

BRENDA WILLIAMS, Plaintiff

Subscribed to and sworn before me

This _____6/2/2022_____.

DocuSigned by:

*Jenita Lane*

0927C082D423454

Notary Public, State of Georgia

My Commission Expires: _____10/28/2023_____

DocuSigned by:

EXHIBIT A

## CERTIFICATE OF TIMELINESS

Pursuant to Supreme Court Rule 11.1, Appellant certifies that this filing is timely submitted, taking into account the suspension of filing deadlines as prescribed by the Order Declaring Statewide Judicial Emergency entered on March 14, 2020 and as extended on April 6, 2020 and May 11, 2020. Specifically:

(a) This filing was originally due on at any time before April 3, 2022.

(b) The number of days that remained before the date specified in (a), as of the suspension of the deadline on was seventy (70).

(c) This filing is timely because it is being filed within the number of days specified in (b).

To the extent the deadline for this filing has been affected by any local judicial emergency order entered by the chief judge of a superior court or by any case-specific trial court order, a copy of such order(s) is attached hereto.

Respectfully submitted, this 2nd day of June, 2022.

/s/ Je'Nita N. Lane
JE'NITA N. LANE
Attorney for the Plaintiff
Georgia State Bar No.: 865134

J. LANE LAW GROUP, P.C.
P.O. BOX 550244
ATLANTA, GA   30355
(404)445-8283 office
(888)694-6777 facsimile
jlanelaw@gmail.com

EXHIBIT A

## SUPERIOR COURT OF LEE COUNTY
## STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
LEE COUNTY, GEORGIA

**22CV00186RS**

R. RUCKER SMITH
JUN 02, 2022 04:26 PM

*Sara Clark*
Sara Clark, Clerk
Lee County, Georgia

CIVIL ACTION NUMBER  22CV00186RS

WILLIAMS, BRENDA

_____

**PLAINTIFF**

                              VS.

WAL-MART INC.

_____

**DEFENDANT**

### SUMMONS

TO: WAL-MART INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Je'Nita Lane**
> **The J. Lane Law Group, P.C.**
> **P.O. Box 550244**
> **Atlanta, Georgia 30355**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of June, 2022.**

                              Clerk of Superior Court


                              _____
                              Sara Clark, Clerk
                              Lee County, Georgia

EXHIBIT A

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____ **22CV00186RS**

| Superior Court | ☒ | Magistrate Court | ☐ |
|---|---|---|---|
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Date Filed _____ **06/02/22 04:26 PM**

Georgia, _____ **LEE** _____COUNTY

Attorney's Address   **Lane, Je'Nita**
**The J. Lane Law Group, P.C.**
**P.O. Box 550244**
**Atlanta, GEORGIA 30355-**

WILLIAMS, BRENDA
_____

_____
                                                    Plaintiff

                              VS.

Name and Address of Party to be Served.
**WAL-MART INC.**

WAL-MART INC.

**2825 LEDO ROAD**
_____
                                                    Defendant

**ALBANY, GEORGIA 31707**
_____
                                                    Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☐ Served the defendant _____a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _____ day of _____, 20_____

_____
                                                    Deputy

**EXHIBIT A**

## General Civil and Domestic Relations Case Filing Information Form

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
LEE COUNTY, GEORGIA

☑ Superior or ☐ State Court of  Lee                          County

**22CV00186RS**
R. RUCKER SMITH
JUN 02, 2022 04:26 PM

| For Clerk Use Only | |
| --- | --- |
| Date Filed 06-02-2022 | Case Number 22CV00186RS |
| MM-DD-YYYY | |

*Sara Clark*
Sara Clark, Clerk
Lee County, Georgia

| Plaintiff(s) | | | | | Defendant(s) | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| WILLIAMS, BRENDA | | | | | WAL-MART INC. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney  Lane, Je'Nita          Bar Number  865134          Self-Represented ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
        Case Number                        Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

EXHIBIT A

**E-FILED IN OFFICE**
CLERK OF SUPERIOR COURT
LEE COUNTY, GEORGIA

**22CV00186RS**
**R. RUCKER SMITH**
**JUN 23, 2022 08:50 AM**

*Sara Clark*
Sara Clark, Clerk
Lee County, Georgia

# IN THE SUPERIOR COURT OF LEE COUNTY
## STATE OF GEORGIA

BRENDA WILLIAMS,

        Plaintiff,

v.

WAL-MART, INC.,

        Defendant.

_____/

Civil Action File No.
22CV00186RS

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART, INC. and makes this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to

EXHIBIT A

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Plaintiff's claims are barred by insufficiency of service and insufficiency of process.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## EIGHTH DEFENSE

Plaintiff's claims are barred by laches.

## NINTH DEFENSE

Plaintiffs claim for punitive damages is barred as a matter of law.

EXHIBIT A

## TENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law.  (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1).  Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof. These defects in the statutes, inter alia, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

## ELEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of

EXHIBIT A

the United States of America, and the Georgia Constitution and are, therefore,

void inasmuch as said statutes deny this Defendant equal protection of the laws

by providing fewer protections for civil litigants than the criminal laws provide

to persons accused of violation of criminal statutes which provide for the

imposition of monetary fines.  (U.S. Const. Amend. XIV, Ga. Const. Art. 1,

Section 1, Para. 2).  Specifically, said statutes inter alia, fail to define or provide

advance notice of the prohibited behavior with reasonably clarity whereas

criminal defendants are entitled to such notice; said statutes fail to specify the

upper limit of damages to be imposed whereas criminal statutes imposing

similar penalties must be limited; said statutes allow imposition of such damages

upon the "preponderance of the evidence" rather than the "beyond a reasonable

doubt" standard applied in similar criminal cases;  and said statutes contemplate

the imposition of such damages against civil litigants who have been compelled

to give evidence against themselves under the Georgia Civil Practice Act

whereas criminal defendants in similar cases cannot be so compelled.

TWELVTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of

aggravated, exemplary, or punitive damages are contrary, by their express terms

and as they may be applied to the Defendant in this case, to the Constitution of

EXHIBIT A

the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

## THIRTEENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of Defendant, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct. See BMW of North America, Inc. v. Gore, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996); and Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

## FOURTEENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

EXHIBIT A

1.

Defendant denies the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant denies, as stated, the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint, which are accordingly deemed denied.

5.

Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 4 as if they were fully restated herein.

6.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint, which are accordingly deemed denied.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 8 as if they were fully restated herein.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

EXHIBIT A

12.

Defendant denies the allegations contained in paragraph 12 of the

Plaintiff's Complaint.

13.

Defendant realleges and incorporates by reference its responses to

Paragraphs 1 through 12 as if they were fully restated herein.

14.

Defendant denies the allegations contained in paragraph 14 of Plaintiff's

Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of Plaintiff's

Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of Plaintiff's

Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of Plaintiff's

Complaint.

18.

Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 17 as if they were fully restated herein.

19.

Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

21.

Defendant denies Plaintiff's prayer for relief, including all subparts thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant

EXHIBIT A

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WAL-MART, INC. has this day been filed and served upon

opposing counsel via Peach Court E-File.

This 23rd day of June, 2022.

McLAIN & MERRITT, P.C.


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant


3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com